## No. 9111.

JAMES M. STANBROUGH, FOR THE USE, ETC., VS. S. B. AND J. T. MCCLELLAN ET ALS.

The legatee who sues for the nullity of a sale of succession property adjudicated to the executor of the will of the testator, by means of a third person, cannot be successfully met by the exception of want of previous tender of the price of adjudication. If the funds thus received had been used to extinguish the debts of the succession, the executor could recover the same in due course of administration. He would be entitled to no other relief.

Stanbrough vs. McClellan et als.

The fact that the sale had been provoked by a creditor of the succession does not alter the legal effect of the purchase by the executor.

APPEAL from the Eighth District Court, Parish of Madison. Deloney, J.

*A. L. Slack* and *H. P. Wells* for Plaintiff and Appellant:

1. A minor alleging that through a fraudulent conspiracy entered into between the executors of the estate to which he is a legatee, whereby said executors, through a party interposed, purchase at a sheriff's sale the property "entrusted to their administration." to his damage and far below its value, and in violation of law, does set forth a cause of action. R. C. C. 1146, 1790; Story's Agency, §§ 210, 211; Story's Eq. Jur. §§ 316, 322, 323; 1 H. D. 853; 2 H. D. 1497-8, and cases cited.

2. The rule of restitution applies only to parties in good faith. 31 A. 372; 33 A. 746. It is not applicable to heirs suing to rescind a sale. unless they had knowledge at time of the sale of the nullities. Wood vs. Nicolls, 33 A. 746. The rule is not applicable to minors. Self vs. Taylor, 33 A. 771 It is purely an equitable rule and not a shield to be used by wrong-doers. 31 A. 372; 30 A. 174; 26 A. 188, 343; 24 A. 272.

3. An executor who buys property "committed to his charge," is a purchaser in bad faith and liable for revenues.

4. When the plaintiff, as in this case, does not pray for the possession of the property, but that the sale be decreed null and the property be held still to belong to the succession, a tender of the purchase price under no circumstances could be a condition precedent, because such purchaser is in bad faith and owes revenues. The only way the question of revenues could be settled would be in "due course of administration." Chaffe vs. Farmer. 34 A. 1017; 14 A. 605.

*A. N. Spencer* and *J. T. Lane* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff brings this suit in the interest of his minor son, a legatee under the will of the minor's paternal uncle, Josiah Stanbrough, and his object is to obtain a judgment annulling the sale of a plantation once the property of the latter's succession. He charges that, at a sale made of said plantation under executory process, the defendants, S. B. and J. T. McClellan, who were the executors of the testator, became the purchasers through and by means of a third person, one Thomas B. Adams, to whom the property was ostensibly adjudicated. But he charges that the two executors above named were really and truly the purchasers, in violation of a prohibitory law; hence, he prays that said sale be declared null and that said property be brought back to the succession.

The defendants excepted:

1. That the petition disclosed no cause of action.

2. Want of tender of the price of adjudication, which had enured to the benefit of plaintiff.

The exception was sustained and plaintiff appeals.

I.

If the evidence on trial was to show that the defendants, McClellan, were the executors of the testator, that the property had been entrusted to their administration, and that at a judicial sale thereof they had bought it by means of a third person, the sale would inevitably be annulled. The petition contains full allegations of all these elements of nullity; hence, it discloses a most serious cause of action. C. C. 1146. This proposition is elementary and flows from the textual provisions of the article of our Code.

The executors could not be shielded from the charge of nullity by showing that the sale was not procured by themselves, but that it had been provoked by a creditor of the succession. The property was none the less under their administration. John Chaffe, admr, vs. W. W. Farmer, 34 A. 1017.

II.

The object of plaintiff was not to obtain the ownership or possession of the property, but merely to bring it back to the succession. Hence, he was not bound to make tender of the price of adjudication. If the purchase price had been used to extinguish any of the debts of the succession, the executors would be entitled to be reimbursed in due course of administration and no more.

This point is also settled in the case of Chaffe vs. Farmer, quoted above.

Under the allegations of this petition the executors would be purchasers in bad faith, and as such not entitled to advance and sustain the plea of want of tender of the purchase price.

Jurisprudence has also settled that heirs who seek to recover property bought by the administrator of a succession in violation of law, cannot be met by such a plea. Wood vs. Nicholls, 33 A. 745; Self vs. Taylor, 33 A. 769.

The judgment sustaining the present exception is therefore erroneous, and hence it is annulled, avoided and reversed, and this cause is hereby remanded to the lower court to be proceeded with according to law and the views herein expressed.